UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-749-H

RUSSELL LEWIS                                                                               PLAINTIFF

V.

LABORERS INTERNATIONAL UNION OF
NORTH AMERICA, AFL-CIO                                                       DEFENDANT

**MEMORANDUM OPINION**

Defendant, Laborers International Union of North America, AFL-CIO, Local 575, has removed this case to federal court on the grounds that § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), preempts Plaintiff's state law claims. Plaintiff has now moved to remand, asserting that his complaint states only claims under Kentucky state law.

I.

Federal jurisdiction in the area of federal labor law can be confusing. *See Tisdale v. United Association of Journeymen*, 25 F.3d 1308, 1309 (6th Cir. 1994). The Court must consider both the well-pleaded complaint rule and the doctrine of complete preemption. The latter allows removal even if viewing the face of the complaint the Court could conclude that Plaintiff's claims arise only under state law. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987). The former "makes the plaintiff master of the complaint; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. As the Sixth Circuit stated in *Tisdale*, "[f]ederal law has monopolized certain aspects of labor relations,

but where a suit does not center on the terms of a labor contract (collective bargaining agreement, union constitution, or other) it is not preempted because it is not within the arena of labor relations which Congress has nationalized." 25 F.3d at 1310-11.  However, "when a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option." *Id.* at 1311 (quoting *Caterpillar*, 482 U.S. at 398-99).

Here, Plaintiff's complaint actually states only claims for intentional interference with contractual relations and slander under state law.  He alleges that he was an employee of INTEC Building Services, Inc.  The service workers of INTEC were represented by Defendant.  Plaintiff was employed as a supervisor.  Plaintiff alleges that he was discharged by INTEC due to Defendant's intentional and improper interference with his employment contract.  He also alleges an officer or agent of Defendant slandered him by various statements.  Nowhere on the face of his complaint has Plaintiff invoked federal law or stated a federal claim.  Nevertheless, federal labor law jurisprudence requires the Court to look behind the complaint and address whether complete preemption and thus federal subject matter jurisdiction may still exist.

It appears to the Court that Plaintiff's state law claims of intentional interference with contractual relations and slander would exist independent of any contractual relationship between INTEC and Defendant.  In order to prove the elements of these state law claims, Plaintiff need not interpret the collective bargaining agreement or prove that Defendant violated its terms.  *See Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988) (stating that interpretation of the CBA is a necessary element of complete preemption).  To the extent Defendant might somehow invoke the terms of the CBA as a defense, the Sixth Circuit has

clearly held that such a defense does not "turn an otherwise independent claim into a claim dependent on the labor contract." *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994).

For all these reasons, the Court concludes that Plaintiff's purely state law claims do not require interpretation of any agreement between INTEC and Defendant and, therefore, § 301 of LMRA does not preempt those claims.

II.

Plaintiff has also moved for attorney fees under 28 U.S.C. § 1447(c), which provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." Under this amended statute, courts have a great deal of discretion in fashioning awards of costs and fees. *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir. 1993)(citing *Morgan Guaranty Trust v. Republic of Palau*, 971 F.2d 917, 923-924 (2nd Cir. 1992)). While fees may be awarded in the case of improper removal under 28 U.S.C. § 1447(c), where, as here, there are good arguments for and against remand, the Court declines to award costs or fees.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record